UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Darryl Beehler, D.O.,

Plaintiff,

vs. MINUTE ORDER

MeritCare Medical Group, Ltd., a North Dakota Nonprofit corporation

Defendant. Civ. No. 00-2172 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of November, 2001.

* * *

On November 1, 2001, the Court heard argument on the Plaintiff's Motion to Amend the Pretrial Scheduling Order, and the resulting stipulation between the parties, as well as the Defendant's Motion to Compel the production of certain documents and depositions from the Plaintiff. At the time of the Hearing, the Plaintiff Darryl Beehler, D.O., appeared by Scott K. Goldsmith, Esq., and the Defendant MeritCare Medical Group, Ltd., appeared by Robert J. Udland, Esq. For reasons discussed during the course of the Hearing, and briefly reiterated below, we grant the Plaintiff's Motion to Amend the Pretrial Scheduling Order, and we further grant the Defendant's Motion to Compel.

47

FILED NOV 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

A. The Plaintiff's Motion, and Stipulation by the Parties, to Modify the Pretrial Scheduling Order.

The Plaintiff has filed a Motion, and the parties have submitted a stipulation, to Modify the Pretrial Scheduling Order. According to our Pretrial Schedule dated January 22, 2001, the discovery deadline was October 1, 2001; the nondispositive Motion deadline was November 1, 2001; the dispositive Motion deadline is December 1, 2001; and the case should be Ready for Trial on January 1, 2002. The parties seek to extend those deadline by approximately three months, or as follows: the discovery deadline would be January 1, 2002; the non-dispositive Motion deadline would be February 1, 2002; the dispositive Motion deadline would be March 1, 2002; and the Ready for Trial date would be April 1, 2002.

The Plaintiff advised the Court that this extension was necessary because the parties have had numerous disputes over discovery, and there is still outstanding discovery responses due on both sides. Moreover, the parties apparently withheld certain discovery while they were awaiting the District Court's ruling on the Defendant's Motion to Dismiss. As to that Motion, the District Court denied the bulk of the Motion on August 24, 2001, although Count V of the Complaint was dismissed. The parties are also attempting to settle the case.

The parties advised the Court, at the Hearing, that some paper discovery remains to be completed, and the Plaintiff would like to conduct the depositions of approximately six or seven individuals, while the Defendant anticipates some "recordkeeper" depositions, as well as the deposition of Dr. Beehler. Given what little has been accomplished to date, it is plain to the Court that the parties have not been diligent in preparing this case for Trial. The excuses they proffer for the state of unpreparedness are lame, at best. We could hold the litigants to the lack of pretrial preparation produced by counsel's lack of diligence, but that would merely penalize the District Court, and Jury, to endure discovery in the Courtroom which should have been completed in the pretrial process. We think such a course would be imprudent and, therefore, we grant the Plaintiff's Motion to Amend the Pretrial Scheduling Order, although we caution the parties that our indulgence is at an end. Thus, we modify the pretrial deadlines as follows: discovery will conclude on **January 1, 2002**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **February 1, 2002**; all dispositive Motions shall be filed and any Hearing thereon completed by **March 1, 2002**; and the case shall be "Ready for Trial" on **March 1, 2002**.

B. <u>The Defendant's Motion to Compel</u>. The Defendant has moved to compel the Plaintiff to answer several discovery requests,

including the Defendant's First Set of Interrogatories to the Plaintiff, which were served on July 3, 2001; and the Defendant's Second Set of Requests for Production of Documents, which were also served on July 3, 2001. Up until this week, the Plaintiff has failed to provide any response to these discovery requests. At the Hearing, however, the Plaintiff advised that he served his responses earlier this week. Since the Plaintiff's discovery responses were not served in a timely manner, we find that he has waived any objection to those requests, save any objections based on privilege, and we further instruct the Plaintiff to insure that all discovery responses are in the hands of the Defendant by **November 9, 2001.** Failure to heed this directive will result in an exclusion of the evidence at Trial, and/or an instruction to the Jury on spoliation, as appropriate. Thus, we grant the Defendant's Motion to Compel.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Pretrial Scheduling Order [Docket No. 43] is GRANTED.

2. That the Pretrial deadlines are modified as follows: discovery will conclude on **January 1, 2002**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **February 1, 2002**; all dispositive Motions shall be filed and a

hearing thereon completed by **March 1, 2002**; and the case shall be Ready for Trial on **March 1, 2002**.

3. That the Defendant's Motion to Compel [Docket No. 39] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE